Curia, juer
Coucock, J.
Two questions are presented in this ease: 1st. Whether the insured had a right to abandon as for a total loss? and 2ndly, Whether the plaintiffs were entitled as a matter of right to interest on the amount found by the jury for a partial loss? It is now,! with us, the well settled doctrine that the insured cannot abandon as for a total loss, unless the loss exceed the" *4 one half of the goods insured, or the gross amount paid for them, and that from the sea damage which they sustain. Marshall on Insurance. Gardiner v. Smith, 1 Johnson’s Cases 141. Ludlow and Col. Ins’ce. Co., 1 Johnson’s Rep. 335. Vandenheuvel v. Un. Ins’ce. Co. ib. 435. 2 East 581. 3 Johnson’s Cases 217.. The ordinance of the Marine of Lewis 14th which in this, as in most other particulars, is collected from the same ancient sources from whence other countries have drawn their principles of the Law of Insurance, confines abandonment to these five cases, i. e. Capture, Shipwreck, Stranding, Arrest of Princes, or the entire loss of the things Insured. 2. Marshall 562. Here stranding, if the vessel be not destroyed, (and so perhaps it may in the French law,) is not a ground for abandonment. And it has been allowed on all hands that the doctrine has been carried already too far. How it came to be introduced is not satisfactorily accounted for; it is certainly a right never exercised, but with most manifest injustice to the insurers, and it is the most unfair and unequal principle ever introduced into contracts.
On the second question, there is some difficulty arising from the different opinions which have been expressed on the subject. But it appears from the English authorities to be well settled, that in no cases of unliquidated damages is interest recoverable; and although we have in some cases allowed interest to be given under the name of damages, we have never gone so far as to say that in cases of Insurance it was recoverable as a matter of right. Some obiter dicta may be found in our cases perhaps to that effect, but no decision directly on the point. To call the offer to pay the amount of the loss sustained a tender, is certainly not speaking technically. But the cases referred to, (Peake Nisi Prius Cases, 88, and 1 Campbell, 184,) are to be understood and may be reconciled *5 by ibis view of the subject. When the jury are required by the assured to give interest by way of damages, it is certainly admissible for the insurer to reply that interest should not be allowed by way of damages, because an offer to pay what was actually due was made and refused: and such offer is considered analogous to a tender. One, certainly, claims with a bad grace from a jury that which he himself has refused to accept. It may be well said to him, if you had been content to take that which was justly due to you, the expenses and trouble of this suit might have been avoided; and such a consideration, I think, not without weight in assessing damages. We cannot then disturb the verdict on this ground. The motion must be dismissed.

Motion dismissetJ.